## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO.:

JAMES QUEEN, and all others
similarly situated under 29 U.S.C. § 216(b);

      Plaintiff(s),
      v.

CMHS AND DESIGN, LLC,
CENTRAL MOBILE HOME RENTALS, LLC,
JAMES C. GOSS, individually,
WAYNE LUTHER MOORE, individually,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES QUEEN ("Plaintiff") pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, CMHS AND DESIGN, LLC ("CMHS"), CENTRAL MOBILE HOME RENTALS, LLC ("Mobile Home Rentals"), JAMES C. GOSS ("Goss") and WAYNE LUTHER MOORE ("Moore") (CMHS, Mobile Home Rentals, Goss and Moore collectively "Defendants"), and alleges the following:

### INTRODUCTION

1.　　　Defendants unlawfully deprived Plaintiff and all other similarly situated employees of federal overtime wages during the course of their employment. Plaintiff endeavored to obtain his federal overtime wages before initiating this lawsuit; however, Defendants refused to rectify any violations and fired Plaintiff for broaching the topic. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiff and all other similarly situated employees during the previous

three (3) years.  Plaintiff also seeks damages under the FLSA pursuant to 29 U.S.C § 215 for

Defendants' retaliatory discharge of Plaintiff less than a month after he requested overtime wages.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Polk County, Florida,

over the age of 18, and otherwise *sui juris.*

3.      Plaintiff and the class members are/were hourly laborers who worked for

Defendants throughout Polk County, Florida within the last three (3) years.

4.      Plaintiff seeks certification of the following class under 29 U.S.C. § 216(b) for

overtime wage violations under the FLSA:

> **Overtime Wage Class:   All hourly laborers employed by
> Defendants in Polk County, Florida who were not paid overtime
> wages during the previous three (3) years.**

5.      The precise size and identity of the class should be ascertainable from the business

records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff

estimates that the total number of class members exceeds 30 hourly laborers.

6.      During all times material hereto, Defendant CMHS is and was a Florida limited

liability company with its principal location at 8735 Serrano Villa Dr. Tampa, FL 33647, within

the jurisdiction of this Honorable Court.

7.      During all times material hereto, Defendant CMHS was vested with control and

decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it

pertained to Plaintiff.

8.      Defendant, CMHS, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d),

during all times pertinent to the allegations herein.

9.     During all times material hereto, Defendant Mobile Home Rentals is and was a Florida limited liability company with its principal location at 1003 W. Cleveland St. Tampa, FL 33606, within the jurisdiction of this Honorable Court.

10.     During all times material hereto, Defendant Mobile Home Rentals was also vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

11.     Defendant, Mobile Home Rentals, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

12.     Upon information and belief, Defendant, Goss, resided in Hillsborough County, Florida during all times pertinent hereto.

13.     Defendant, Goss, was an owner, director and corporate agent of Defendant Mobile Home Rentals during the relevant time period.

14.     During all times material hereto, Defendant, Goss controlled the day-to-day operations of Defendant Mobile Home Rentals and oversaw the work performed by Plaintiff on behalf of Defendants, Mobile Home Rentals and CMHS.

15.     During all times material hereto, Defendant, Goss, had hiring and firing authority over Plaintiff on behalf of Defendants, Mobile Home Rentals and CMHS.

16.     Defendant, Goss, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

17.     Upon information and belief, Defendant, Moore, resided in Hillsborough County, Florida during all times pertinent hereto.

18.     Defendant, Moore, was also an owner and/or corporate agent of Defendants CMHS and Mobile Home Rentals during the relevant time period.

3

19.     During all times material hereto, Defendant, Moore controlled the day-to-day operations of Defendant CMHS, as well as controlled CMHS' payroll, time keeping practices, hiring, firing, and scheduling practices, and otherwise controlled and directed Plaintiff's work on a daily basis.

20.     Defendant, Moore, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

21.     Defendants were joint employers of Plaintiff, as defined by the FLSA and all pertinent regulations thereto, during all times material to this Collective Action Complaint.

## JURISDICTION AND VENUE

22.     All acts and omissions giving rise to this dispute took place within Polk County, Florida, which falls within the jurisdiction of this Honorable Court.

23.     The Corporate Defendants are headquartered and regularly transact business in Polk County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

24.     Defendants Goss and Moore owned and operated CMHS and Mobile Home Rentals within Polk County, Florida within the relevant time period.

25.     Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

26.     Defendants, CMHS and Mobile Home Rentals are owners and/or operators of mobile home parks in Polk County, Florida.

27.     Defendants Goss and Moore hired Plaintiff to work for CMHS and Mobile Home Rentals as an hourly, non-exempt laborer at the May Grove Mobile Home Park located at 1725 Gibsonia-Galloway Road, Lakeland FL 33810 in or around 2008.

28.     During his employment period, Plaintiff's job duties included, but were not limited to, exterior repair and remodeling, siding installation, window installation, demolition work, concrete work, standard handiwork and other similar physical labor.

29.     Defendant, Mobile Home Rentals owns the May Grove Mobile Home Park.

30.     Defendant, CMHS is one of the operators at the May Grove Mobile Home Park.

31.     More specifically, Defendant CMHS oversees all of the maintenance and labor at May Grove Mobile Home Park which is owned and operated by Defendant Mobile Home Rentals.

32.     Defendants, Goss and Moore both regularly oversaw and directed Plaintiff's work at the May Grove Mobile Home Park.

33.     During all times material hereto, Defendants paid Plaintiff $25 per hour for 40 hours per week.

34.     However, Plaintiff regularly and typically worked at least 50 hours per week.

35.     Defendants did not pay Plaintiff time and one half his regular hourly rate for his work in excess of 40 hours per week in one or more workweeks; instead, Defendants paid Plaintiff cash wages at his regular hour rate for all hours of work (including his work performed in excess of 40 hours).

36.     Although Defendants have some time records for the relevant time period, Defendants' records do not accurately depict the actual number of hours that Plaintiff worked.

37.     In addition, Defendants payroll records to not accurately depict the actual number of hours that Plaintiff worked during his employment period.

## DEFENDANTS FIRE PLAINTIFF FOR REQUESTING OVERTIME WAGES

38.     In or around May 2022, Plaintiff was working for Defendants at the May Grove Mobile Home Park on a Sunday.

39.     Defendant Goss approached Plaintiff while he was performing manual labor and suggested that he should work more on the weekends.

40.     Plaintiff responded that it did not make sense for him to work the weekends because Defendants did not pay Plaintiff overtime wages.

41.     Plaintiff also requested overtime wages from Defendant Goss during this interaction.

42.     Defendant Goss responded that he could not afford to pay Plaintiff overtime wages and refused Plaintiff's request.

43.     Soon thereafter, on or about May 27, 2022, Defendants fired Plaintiff with no valid justification.

## FLSA COVERAGE

44.     Defendant, CMHS, is covered under the FLSA through enterprise coverage, as CMHS was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, CMHS engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. CMHS' business and Plaintiff's work for CMHS affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

45.     During his employment with CMHS, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the

following: ladders, pressure washers, caulk and compound, sandpaper and various scrapers, rollers, paint sprayers, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, hammers, screws, wrenches, plungers, washers, tubes, nails, screwdrivers, paperclips, envelopes, telephones, stamps, markers, staplers, staples, invoices, cash, checks, masks, wood, concrete, steel, fasteners, siding, shingles, glass, windows, tractors, bulldozers, and other related items.

46.     CMHS also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods or materials as Plaintiff, thus making CMHS' business an enterprise covered by the FLSA.

47.     Upon information and belief, Defendant CMHS grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

48.     Defendant, Mobile Home Rentals, is also covered under the FLSA through enterprise coverage, as Mobile Home Rentals was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, Mobile Home Rentals engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Mobile Home Rentals' business and Plaintiff's work for Mobile Home Rentals affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

49.     During his employment with Mobile Home Rentals, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: ladders, pressure washers, caulk and compound, sandpaper and various scrapers, rollers, paint sprayers, extension cords, pencils, pens, paper, tape, keyboards, computers,

cables, hammers, screws, wrenches, plungers, washers, tubes, nails, screwdrivers, paperclips, envelopes, telephones, stamps, markers, staplers, staples, invoices, cash, checks, masks, wood, concrete, steel, fasteners, siding, shingles, glass, windows, tractors, bulldozers, and other related items.

50.     Mobile Home Rentals also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods or materials as Plaintiff, thus making Mobile Home Rentals' business an enterprise covered by the FLSA.

51.     Upon information and belief, Defendant Mobile Home Rentals grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

52.     During his employment with Defendants, Plaintiff (i) was paid on an hourly basis; (ii) did not make any decisions of importance on behalf of Defendants, (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities, and (4) was primarily employed to perform manual labor for Defendants.

53.     During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendants, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE ALLEGATIONS

54.     Defendant Moore is the current owner and operator of Defendant CMHS but also works for Defendants Mobile Home Rentals and Goss.

55.     Defendant Goss supervises Defendant Moore and supervises the work performed by Defendant CMHS employees' who work at the May Grove Mobile Home Park.

56.     During all times material hereto, Defendants CMHS and Mobile Home Rentals performed substantially related business activities, as these corporate entities focused their operations on owning and operating mobile home parks, including the May Grove Mobile Home Park where Plaintiff worked for more than 10 years.

57.     During all times material hereto, Defendants, CMHS and Mobile Home Rentals used central management and/or common control, through Goss and Moore, to effectuate their common business needs.

58.     Moreover, during all times material hereto, Defendants, CMHS and Mobile Home Rentals were engaged in offering substantially the same or similar services and goods to their customers, tenants and employees.

59.     Defendants, CMHS and Mobile Home Rentals also shared a common business purpose during all times material hereto.

60.     During all times material hereto, Defendants, CMHS and Mobile Home Rentals were controlled and operated by Defendants Goss and Moore.

61.     During times material hereto, Defendants CMHS and Mobile Home Rentals shared employees and resources.

62.     The gross revenue of Defendants, CMHS and Mobile Home Rentals was collectively in excess of $500,000.00 in, 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

63.     Defendants, CMHS and Mobile Home Rentals intermingle resources, finances and employees to provide services, goods and materials to their customers, tenants and employees.

## CLASS ALLEGATIONS

64.     Class members are treated equally and similarly in Polk County, Florida in that they were denied federal overtime wages during the previous three (3) years.

65.     Class members are treated equally and similarly in Polk County, Florida in that Defendants failed to maintain time records for all hourly laborers during the course of the previous three (3) years.

66.     Defendants' refusal to pay overtime wages to hourly laborers is a common policy or plan that uniformly leads to overtime wage violations with respect to each and every hourly laborer who works in excess of forty (40) hours in a workweek.

67.     Defendants have employed dozens of hourly laborers in Polk County, Florida who were not paid overtime wages as a result of Defendants' refusal to comply with federal wage and hour laws over the course of the previous three (3) years.

68.     Plaintiff and the class members were subjected to the same employment policies, all performed manual labor and worked at the same worksite at the May Grove Mobile Home Park during the relevant time period.

69.     Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against all Defendants)**

70.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 69 as though set forth fully herein.

71.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

72.     Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for certain hours that Plaintiff worked in excess of 40 hours in one or more weeks of his employment with the Defendants.

73.     Plaintiff therefore claims the applicable federal overtime wage rate for all hours over 40 that he worked during the applicable statute of limitations.

74.     Plaintiff seeks recovery of federal overtime wages under 29 U.S.C. § 216(b) for himself and the following class because of Defendants' failure to pay federally mandated overtime wages:

> **All hourly laborers employed by Defendants in Polk County, Florida who were not paid overtime wages during the previous three (3) years.**

75.     Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

76.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

77.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

78.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JAMES QUEEN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, CMHS AND DESIGN, LLC, CENTRAL MOBILE HOME RENTALS, LLC, JAMES C. GOSS and WAYNE LUTHER MOORE, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b)

liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

**COUNT II – FLSA RETALIATION – 29 U.S.C. § 215**
**(Against all Defendants)**

79.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 69 as though set forth fully herein.

80.    **Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for any person or entity to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or caused to be instituted any proceeding under the FLSA**.

81.    Plaintiff engaged in protected activity under the FLSA by requesting unpaid overtime wages.

82.    Defendants have express knowledge of Plaintiff's protected activity.

83.    Plaintiff was employed by Defendants when he requested overtime wages in accordance with federal law.

84.    Defendants fired Plaintiff less than a month after he requested overtime wages.

85.    The temporal proximity between Plaintiff's termination and his requests for overtime wages creates a presumption that Defendants retaliated against Plaintiff for engaging in protected activity.

86.    Any other justification given for Defendants' termination of Plaintiff is pre-textual.

87.    Defendants' termination of Plaintiff constitutes unlawful retaliation and is prohibited under the FLSA.

88.    Defendants would not have terminated Plaintiff if he did not engage in protected activity by demanding overtime wages.

89.     As a result of the foregoing, Plaintiff has suffered damages including lost wages, garden variety emotional distress, loss of reputation, and other damages that will be proven at trial.

WHEREFORE, Plaintiff, JAMES QUEEN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, CMHS AND DESIGN, LLC, CENTRAL MOBILE HOME RENTALS, LLC, JAMES C. GOSS and WAYNE LUTHER MOORE, and award Plaintiff: (a) back wages; (b) front wages; (c) liquidated damages; (d) damages arising from garden variety emotional distress, loss of reputation and humiliation; (e) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; (f) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JAMES QUEEN, demands a trial by jury on all appropriate claims.

**Dated: June 22, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10the Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 22, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

14